## AUSTIN v. COLLIER et al.

1. It is not a valid ground of objection to an instrument in the form of a receipt, tendered in evidence by a defendant, that it is irrelevant, in that it does not refer to the matter in controversy, when the answer of the defendant alleges that there was a mistake in the wording of such instrument and clearly shows a purpose to prove that it was intended by the parties to the transaction in which it was given to refer to such matter.

2. Assignments of error upon given charges of the court, as not being authorized by the pleadings and the evidence, are clearly without merit, when this court has, upon a former occasion, in the same case and upon the same pleadings, held substantially similar instructions to be applicable to the issues made therein, and when such instructions were again authorized by the evidence before the jury.

3. It was not error for the trial judge to construe the answer of the defendants as it was construed by this court when the case was formerly here.

4. The evidence was sufficient to authorize the verdict, and the court did not err in refusing to grant a new trial.

Argued February 6,—Decided August 15, 1908.

Complaint for land.    Before Judge Reagan.    Upson superior court.    March 4, 1907.

*J. A. Cotten, C. J. Lester,* and *Olin T. Lester,* for plaintiff.

*M. H. Sandwich* and *Allen & Tisinger,* for defendants.

FISH, C. J.    This is the second appearance of this case here. On the former occasion a full statement of the case, as shown by the pleadings, was made in the opinion of the court, delivered by Justice Lewis, which will be found in 112 *Ga.* 247 et seq. (37 S. E. 434).    To that statement it is only necessary to add here the substance of an amendment which the plaintiff, Mrs. Austin, made to her petition after the case was returned to the lower court, the allegations of which the defendants answered by denying them. When the case was here before, there were two plaintiffs, Mrs. Sallie E. Austin and her brother, James O. Whatley, each seeking to recover an undivided one-fourth interest in a described tract of land; it being alleged that they each owned a one-fourth interest

therein, that the defendant Robert M. Collier owned one-fourth, and the defendants, Mrs. Gussie L. Collier and her two minor children, Lillian and William Collier, owned the remaining one-fourth, and that the Colliers were in the adverse possession of the entire tract. Plaintiffs sought to recover their alleged interests in the land and mesne profits from the defendants, and to have it partitioned between the alleged several owners. The case came up before on a writ of error sued out by the plaintiffs, complaining of the overruling of a motion for a new trial, made by them after the jury had returned a verdict in favor of the defendants. This court then decided that the judgment overruling such motion should be affirmed as to the plaintiff Whatley, and reversed as to the plaintiff Mrs. Austin, as the trial judge had erred in ruling out certain testimony offered by her, which ruling did not affect the case as to the other plaintiff, the court being of opinion that "So far as the evidence [was] concerned, . . it was sufficient to support a verdict against both [plaintiffs] certainly against James O. Whatley." 112 *Ga.* 251. So now there is only one plaintiff, Mrs. Austin. At the November term, 1903, of the trial court, nearly three years after the case had been returned to that court, Mrs. Austin amended her petition by alleging, "that the receipt set up and claimed by defendants to be a conveyance of petitioner's interest in the lands in question to Robert M. Collier Sr., deceased, was signed by petitioner without any valid consideration;" the $400 mentioned therein as the consideration being "for a debt made and due by petitioner's husband, H. H. Collier, to said Robert M. Collier." While denying, in this amendment, that the receipt was given as a conveyance of the land in dispute, she alleged that even if it were, the same was not binding on her, "for the reason that the wife's property can not lawfully be taken to pay the debts of her husband." It may be well to state here that the defendants claimed under the will of Robert M. Collier Sr. When the case came on for trial under the amended pleadings, a verdict was again rendered in favor of the defendants. The plaintiff made a motion for a new trial, which was overruled, and she excepted.

1. One ground of the motion for a new trial complained of the admission in evidence, over objection of the plaintiff, of a receipt given by plaintiff to R. M. Collier Sr., under whom defendants

claimed. This receipt read as follows: "Received of R. M. Collier four hundred dollars in full payment for my interest, present or future, in the estate of my mother, Mrs. Susan J. Collier, formerly Susan J. Whatley; and in consideration of the above sum I hereby transfer my interest to the said R. M. Collier, it being for money and supplies furnished." It was signed "Sallie Austin," attested by a notary public, and dated January 16, 1878. The objections urged to this paper were, that it was irrelevant, that it did not show what property or kind of property it referred to, and because it referred to the estate of Mrs. Susan J. Collier, plaintiff's mother, while plaintiff was not seeking to recover an interest in such estate, but in the estate of Dr. James G. Whatley, her father. These objections were not well taken. Plaintiff's petition showed that she claimed as a remainderman under the will of her father, James G. Whatley, after the expiration of a life-estate in the land, created by such will, in her mother, Susan J. Collier, formerly Whatley. Defendants pleaded that plaintiff, "on the 16th day of January, 1878, sold all her interest in said land to R. M. Collier Sr., for the sum of four hundred dollars which was paid by said R. M. Collier to plaintiff, and the said plaintiff then and there transferred all her interest," etc.; "said transfer is in writing, and, while the interest therein transferred is mentioned as the interest of plaintiff in the estate of Mrs. Susan J. Collier, formerly Susan J. Whatley," it was the intention of the parties to the transaction that the interest should be that of the plaintiff in the land now in controversy, "as that was the only estate then owned by said Mrs. Susan J. Collier, . . but in wording said transfer the interest . . was, by mistake of the draughtsman, mentioned as aforesaid to be the interest of plaintiff in the estate of Mrs. Susan J. Collier, instead of the remainder interest in said land as the estate of Jas. G. Whatley." And the defendants asked that "plaintiff be required to make them a deed in pursuance of said purchase by said R. M. Collier Sr." It will be seen, therefore, that defendants claimed that there was a mistake in the wording of this paper, which they called a "transfer," and clearly indicated a purpose to show that it really referred to the land in dispute; and they subsequently introduced testimony from which the jury could have found that this purpose had been accomplished. While defendants termed this receipt a "transfer,"

they evidently did not rely upon it as a deed, for they did not ask to have it reformed, but prayed that "plaintiff be required to make them a deed in pursuance of said purchase by said R. M. Collier Sr." When the case was here before, this court held that the answer of the defendants did not "indicate that they claimed a deed in regular form had been made;" and that "The whole question raised by the pleadings and the evidence was whether, in point of fact, Collier had paid the full purchase-money for the land under the agreement." It follows, as we have already intimated, that the court properly admitted the receipt in evidence.

2. In another ground of the motion error was assigned upon the following charge: "If you believe from the evidence that Mrs. Austin made a parol contract of sale of her interest in the lands to Robert M. Collier, and that Robert M. Collier paid her the purchase-price for the same, the purchase-price agreed upon, the full purchase, and went into possession of the same, then I charge you that she conveyed a complete title, notwithstanding there may have been no deed taken, the purchase-price having been paid; and possession given would convey to Robert M. Collier Sr. all the right, title, and interest that this plaintiff had in the land under the will of her father, James G. Whatley, unless the sale was made in payment of the debt of her husband." The assignment of error was, that this charge "was not authorized by the evidence and the pleadings in the case," and was "directly contradictory to the contention of the defendants as shown by their answer filed in the case." The charge here complained of is substantially the same as one dealt with by this court when this case was formerly before it. See the third division of the opinion in *Austin* v. *Collier,* 112 *Ga.* 251-252. It was then held that such a charge was not erroneous, although plaintiffs in error contended then, as the plaintiff in error does now, that the charge was not applicable to the issues in the case. The answer of the defendants was then the same that it is now, except as to their reply to plaintiff's subsequent allegation that the alleged sale was in payment of her husband's debt. It is, therefore, obvious that upon the question as to whether the charge was authorized by the pleadings the plaintiff is concluded by the former decision of this court; and as there was evidence sufficient to authorize the charge, the assignment of error is without merit.

This ruling disposes of another ground of the motion wherein it was alleged that the court erred in charging: "If she made such a contract of sale, and the purchase-money was paid, possession taken of the land, the full purchase-price agreed upon paid in any other way except in payment of a debt of her husband, then she conveyed all right, title, and interest she had in the land under the will of her father, and she would have no right in this case to recover anything, or have a verdict at your hands for any part of the land." The assignment of error upon this instruction was substantially the same as the one which we have dealt with above.

3. In the next ground of the motion error is assigned upon the following excerpts from the charge: "The defendants in this case plead that the plaintiff in the case sold and transferred all her right, title, and interest in this land to Robert M. Collier Sr., and that they are the legatees under the will of said Robert M. Collier Sr., or that the same descended to them as the heirs-at-law of Robert M. Collier Sr. Now, gentlemen, the defendants also plead that as evidence of that sale, that a receipt was given for the purchase-money." It is contended that this instruction "submitted to the jury a theory of the case not authorized by the facts and evidence, in that the jury were thereby instructed that the instrument relied on by the defendants as a conveyance of the plaintiff's interest in the lands in question was merely an ordinary receipt for the purchase-money, whereas defendants set up and contend that the same was a conveyance of the plaintiff's interest in said property. It is insisted that this charge was misleading to the jury, and was capable of and did confuse and mislead the jury as touching the issues of fact in the case." The court did not instruct the jury "that the instrument relied on by the defendants as a conveyance of the plaintiff's interest in the lands in question was merely an ordinary receipt for the purchase-money;" but simply that defendants pleaded that plaintiff sold her interest in the land to Robert M. Collier Sr., and "that as evidence of that sale . . a receipt was given for the purchase-money." When the case was here before, this court, as we have seen, construed the answer of the defendants and held that they did not claim title to the land under a written transfer, that the answer did "not indicate that they claimed a deed in regular form had been

made." That construction of the answer was, of course, binding upon the lower court and the parties to the case, when this same answer was to be construed upon a subsequent trial of the case. Hence this assignment of error is without merit. Besides, it would seem that the plaintiff was hardly in a position to complain that the court construed the answer of defendants as setting up a receipt, when she herself, in the amendment to her petition, so construed this answer. In that amendment she alleged, "that the receipt set up and claimed by defendants to be a conveyance of petitioner's interest . . was signed and given by petitioner without any valid consideration. The $400.00 stipulated as the consideration of said receipt was for a debt made and due by petitioner's husband;" and "further, that even if said receipt was given as a conveyance of her interest in the lands in question, . . the same is not binding on her."

4. There was evidence sufficient to support the verdict in favor of defendants, and no error was committed in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*